UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BALUMA, S.A., | Case No. 2:20-CV-01752-KJD-EJY |
| Plaintiff, | ORDER |
| v. | |
| JOHNNY CHUN-YU CHOW, | |
| Defendant. | |

Presently before the Court is Defendant's Motion to Dismiss Complaint (#3). Plaintiff filed a response in opposition (#5) to which Defendant replied (#11).

I. Background

This contract dispute alleges Defendant Johnny Chun-Yu Chow's failure to repay $549,000.00 that he borrowed between 2018-20 from Enjoy Punta del Este, a coastal resort and casino in Uruguay. To borrow the money, Chun-Yu Chow, a Florida citizen domiciled in Florida, signed an agreement that contained a forum and choice-of-law clause subjecting the agreement, Chun-Yu Chow, and any disputes to Nevada's courts and laws. After Chun-Yu Chow allegedly failed to repay the loan, Plaintiff sued Chun-Yu Chow in Nevada state court to recover under the contract, and he removed the case to this court. Chun-Yu Chow now moves to dismiss the casino's claims, arguing that the contract's forum-selection clause is unenforceable, stripping this court of personal jurisdiction over him.

II. Standard

Federal law governs the enforceability of forum-selection clauses. See Petersen v. Boeing Co., 715 F.3d 276, 280 (9th Cir. 2013) (citing Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988)).  In resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3), a court may "consider facts outside the pleadings." Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Under federal law, a contract's forum-

selection clause is presumptively valid "absent a strong showing that it should be set aside." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972); Gemini Techs., Inc. v. Smith & Wesson Corp., 931 F.3d 911, 914 (9th Cir. 2019). There are three scenarios that can overcome this presumption: (1) the clause is a "product of fraud or overreaching," (2) "the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced," or (3) enforcement would violate a "strong public policy" of the forum state. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting Richards v. Lloyd's of London, 135 F.3d 1289, 1294 (9th Cir. 1998)).

III. Analysis

    A. Forum Selection Clause

        1. Fraud or Overreaching

Chun-Yu Chow argues that the forum-selection clause that he signed is unenforceable because the contract was offered on a "take-it-or-leave-it" basis. He also argues that enforcing the clause would offend the public policy of Nevada because its enforcement would deprive him his day in court. This argument, which undergirds Chun-Yu Chow's motion, depends on his ability to demonstrate that the clause is invalid. However, Defendant has offered nothing more than conclusory statements in his motion and has failed to show that the clause is unenforceable.

"To establish the invalidity of a forum[-]selection clause on the basis of fraud or overreaching, the party resisting enforcement must show that the inclusion of that clause in the contract was the product of fraud or coercion." Petersen, 715 F.3d at 282 (quotation marks omitted) (emphasis in original). Courts routinely find that mere disparate bargaining power between the parties and the inability to negotiate the clause are insufficient to invalidate a forum-selection clause. Murphy, 362 F.3d at 1141. In Murphy, the Ninth Circuit held, despite evidence that an employee was unable to freely negotiate a forum-selection clause, the employee's "assertions reduce to a claim of power differential and non-negotiability," which was "not enough to overcome the strong presumption in favor of enforcing forum[-]selection clauses." Id.

Similarly, in the ticket-purchase context, the Supreme Court in Carnival Cruise Lines, Inc. v. Shute upheld a forum-selection clause within a form contract, rejecting the argument "that a non[-]negotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining." Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593 (1991). Not only does Chun-Yu Chow offer nothing more than conclusory assertions that he could not negotiate the forum selection clause before signing it, but even looking at the allegation in a light most favorable to him, unequal bargaining power over a form contract is insufficient to demonstrate that the casino fraudulently included the clause. Murphy, 362 F.3d at 1138. Chun-Yu Chow's broad assertions are insufficient to demonstrate that the casino included the forum-selection clause fraudulently or by overreaching.

### 2. Deprived of day in Court

Chun-Yu Chow also argues that enforcing the forum-selection clause would be so burdensome as to "tak[e] away his day in court." However, this is a "heavy burden," requiring a showing that trial in the forum "would be so difficult and inconvenient that [he] would effectively be denied a meaningful day in court." Argueta, 87 F.3d at 325 (quoting Pelleport Invs., Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 281 (9th Cir. 1984)). To do so, Chun-Yu Chow must present more than mere speculation and "general and conclusory allegations of fraud and inconvenience" even where a forum-selection clause is "troubl[ing]." Spradlin v. Lear Siegler Mgmt. Servs., 926 F.2d 865, 868–69 (9th Cir. 1991); see also Manetti-Farrow, Inc., 858 F.2d at 515. In Spradlin, the Ninth Circuit "reluctantly" upheld a forum-selection clause where a litigant failed to provide "any facts" about the inconvenience and "failed even to offer any specific allegations as to travel costs, availability of counsel in [the forum], location of witnesses, or his financial ability to bear such costs and inconvenience." Spradlin, 926 F.2d at 869. Like the Spradlin litigant, Chun-Yu Chow has offered only speculation that it would be challenging for him to defend himself out of his home state, that the relevant witnesses reside outside of Nevada, and that litigating here would be financially burdensome. Chun-Yu Chow has not provided any evidence or specific facts, however, that rise to the level of a deprivation of his day in court in

Nevada. Absent an evidentiary showing of true, severe inconvenience, the Court cannot disregard the forum-selection clause.

### 3. Nevada Public Policy

Finally, Chun-Yu Chow argues that enforcing the forum-selection clause would offend Nevada's public policy—as announced in Tandy Computer Leasing v. Terina's Pizza, 784 P.2d 7 (Nev. 1989) —of resolving cases on their merits because he would be "deprive[d]" "of his day in court." In Tandy, the Nevada Supreme Court disregarded a forum-selection clause because defending the lawsuit in a different forum would "probably cost more" "than to just cave in." Id. at 8. Unlike this action, Tandy involved an action between a computer lessor and a local pizza joint, and the computer equipment at issue "was not very expensive." Id. The amount in controversy in the present action is far more significant, and Chun-Yu Chow offers nothing to suggest that this case presents the same concerns about acquiescence that troubled the Tandy court. Chun-Yu Chow has thus failed to demonstrate that the cost of litigating in Nevada would be extensive enough that this case would not be decided on its merits.

Furthermore, the financial considerations that made the Tandy forum-selection clause unenforceable from a public-policy standpoint was not the sole factor—it was also the provision's design. Id. The clause in Tandy was "buried on the very bottom of the back page," "in very fine print, in a paragraph labelled MISCELLANEOUS," far from the signature line, with "[n]othing on the front page" to indicate the presence of the "clause on the back page." Id. The computer lessor's sales agent admitted that she never "advise[d] customers that they should read the back terms of the lease agreement." Id. The present facts are materially distinguishable. Unlike the inconspicuous, hidden, back-page clause in Tandy, the forum-selection language in Chun-Yu Chow's contract appears directly above his signature in the same font size as the other provisions. As the Nevada Supreme Court noted in U.S. Home Corp. v. Michael Ballesteros Trust, a clause that "is in the same size font as the other provisions" is not "fatally inconspicuous." 415 P.3d 32, 41 (Nev. 2018). Chun-Yu Chow has thus failed to meet his burden in demonstrating that this clause violates a strong public policy in Nevada.

- 4 -

Since Chun-Yu Chow has failed to carry his burden in overcoming the presumption that the forum selection clause is valid, the Court denies his motion to dismiss.

#### 4. Other Grounds

The Court declines to reach Defendant's other arguments that the case should be dismissed under the doctrine of forum non conveniens, because the forum-selection clause is enforceable. Even if the clause were unenforceable, that doctrine does not apply to this situation because Chun-Yu Chow could move to transfer to other available federal forums under 28 U.S.C. § 1404(a). See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 549 U.S. 422, 430 (2007) ("The common law doctrine of forum non conveniens 'has continuing application [in federal courts] only in cases where the alternative forum is abroad,' and perhaps in rare instances where a state or territorial court serves litigational convenience best." (quoting Am. Dredging Co. v. Miller, 510 U.S. 443, 449 n.2 (1994)).[1]

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#3) is **DENIED**.

DATED this 8th day of February 2021.

_____
The Honorable Kent J. Dawson
United States District Judge

---

[1] If Defendant seeks dismissal so this case can be litigated in the Florida state courts, he has not demonstrated that those courts are adequate because, under Florida law, gambling debts are unenforceable. Young v. Sands, Inc., 122 So.2d 618, 619 (Fla. Dist. Ct. App. 1960).