UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BALUMA SA. d/b/a ENJOY PUNTA DEL ESTE & CASINO,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHNNY CHUN-YU CHOW,<br><br>　　　　　　　　　　Defendant. | Case No. 2:20-cv-1752-KJD-EJY<br><br>ORDER |

　　　　Presently before the Court is Plaintiff's Motion for Attorneys' Fees, Costs and Interest (#29). Though the time for doing so has passed, Defendant has failed to file a response in opposition.

　　　　The Court previously granted Plaintiff's motion for summary judgment on Plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing. Plaintiff then filed the present motion for attorneys' fees, costs and interest under Local Rule 54-14. The Court finds that costs should be awarded pursuant to Federal Rule of Civil Procedure 54(d): "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party…" Fed. R. Civ. P. 54(d)(1). Rule 54(d) further provides "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2).

　　　　The Court has already found that an enforceable agreement existed between Baluma and Defendant Chow. That agreement expressly authorized Baluma to recover attorneys' fees and costs incurred in any effort to collect upon Contract. See Motion for Attorneys' Fees, Cost and Interest, Doc. No. 29, Exhibit 1, Casino Credit Fact Sheet; Exhibit 2, Draw Request. As set forth

in the Casino Credit Fact Sheet, Chow agreed "that Casino may charge, and I agree to pay, interest from the date of issuance of such Marker at the maximum rate permitted by Nevada law, up to [eighteen percent (18%)] per annum, and all collection costs incurred in connection therewith, including, without limitation, attorneys' fees and court costs." Ex. 1, Casino Credit Fact Sheet, p. 5 (emphasis added). Further, each of the Draw Requests provide: "In addition to any amounts authorized by law, I agree to pay all costs of collection, including the payee's attorneys' fees and court costs." Ex. 2, Draw Requests (emphasis added). Accordingly, Plaintiff's motion for attorneys' fees, costs and interest is granted.

In determining appropriate fees to be awarded, the court uses the lodestar method. As stated in Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), "[t]he 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." After computing this amount, the court then assesses various factors[1] to determine whether to adjust this lodestar figure. Id. at 363-64.

Plaintiff has adequately presented to the Court detailed billing records for each attorney that worked on this action. The Court must first determine whether the rate and number of hours are reasonable. Plaintiff's attorneys have supported with evidence that the hourly rates for commercial litigation attorneys based in Las Vegas seeking collection of gaming markers across the United States and internationally are $525.00 for partners and $345.00 for associates. The Court finds that these are reasonable rates. Furthermore, the attorneys have shown that over a three-year period, they spent 112.97 hours in prosecuting this action billing a total of $50,698.56. It appears that these hours were spent preparing motions, conducting depositions, keeping up to date with correspondence, and analyzing and reviewing Defendant's filings. The Court finds the hours expended by Plaintiff's counsel reasonable.

---

[1] The twelve factors bearing on the reasonableness of the fees are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975). The Kerr factors are consistent with the local rule governing motions for attorney's fees. LR 54-14(b)(3).

Finally, the Court must determine whether to increase or decrease the lodestar amount based on the Kerr factors. Plaintiff's attorneys have provided a brief summary of the hours, rates, results obtained, skill, experience, and difficulty of questions in accordance with Local Rule 54-14(b). The Court does not find that there should be an increase or a decrease in the lodestar amount. Therefore, the fee amount of $50,698.56 is a reasonable amount and will be awarded.

Costs have already been taxed and awarded in accordance with Local Rule 54-1 in the amount of $3,526.60. Finally, as set forth in the table on page eleven of Plaintiff's Motion, Doc. No. 29, and as authorized by the default interest rate agreed to by Chow in the Contract, specifically the Casino Credit Fact Sheet attached to Doc. No. 29, Exhibit 1, Baluma is entitled to interest at 18% per annum, which totals $257,668.90 as of April 7, 2022 and which amounts shall continue to accrue at the daily amounts contemplated above until such amounts are paid in full.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Attorney's Fees, Costs and Interest (#29) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Plaintiff and against Defendant in the amount of $332,771.50, the total of the attorney's fees, costs and interest.

Dated this 20th day of March, 2023.

_____
Kent J. Dawson
United States District Judge